UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

HENRY LEE WHITE,

    Petitioner,

v.                                      CASE NO. 5:10-cv-453-Oc-10TBS

WARDEN, FCC COLEMAN-LOW,

    Respondent.
_____/

## **ORDER**

Before the Court is a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241 by Henry Lee White ("Petitioner") (Doc. 1, filed September 7, 2010). Petitioner is an inmate presently confined at the Federal Correctional Complex in Coleman, Florida. He brings this action to challenge the 360-month and 60-month sentences imposed for his 1998 convictions in the U.S. District Court for the Middle District of Florida on one count of possession with intent to distribute cocaine base and one count of using and carrying a firearm during a drug trafficking crime. (*United States v. White*, Case No. 6:98-cr-106-Orl-18GJK).[1]

Petitioner argues that: (1) he is actually innocent of the enhanced sentence imposed for count one because he was not convicted of a crime involving a specified minimum drug quantity, and he should have received a maximum sentence of 240 months in prison (Doc. 1 at 3); (2) the prior offenses used to justify a higher sentence were not qualifying felony drug offenses because he served less than one year in prison for each conviction (Doc. 1 at 4); (3) he should have received fewer criminal history points because his prior convictions were consolidated for conviction and sentencing purposes (Doc. 1 at 4-5); and (5) he is entitled to

---

[1] Docket entries in Criminal Case No. 6:98-cr-106-Orl-18GJK will be referred to as "Cr. Doc. at ___."

a sentence reduction under the Fair Sentencing Act of 2010 (Doc. 1 at 6).[2]

Respondent argues that the petition should be dismissed as procedurally barred (Doc. 8, filed February 28, 2011). Respondent also argues that even if the petition were not procedurally barred, it fails on the merits. After carefully reviewing the petition, response, reply, and the underlying criminal file, the Court concludes that the instant petition should be dismissed as an improper filing under § 2241.

I.  **Background and Procedural History**

On May 7, 1998, Petitioner was indicted on one count of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (count one), one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (count two), and one count of using and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (count three) (Cr. Doc. 1). After a jury trial, Petitioner was found guilty on counts two and three (Cr. Doc. 19). Petitioner was sentenced as a career offender to a term of imprisonment of 360 months as to count two and to a consecutive term of 60 months imprisonment as to count three (Cr. Doc. 56). On April 21, 1999, Petitioner's sentence on count two was reduced to two hundred eighty months because of Petitioner's substantial assistance (Cr. Doc. 65, 66).

On August 23, 1999, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, raising the single issue of whether counsel was ineffective for failing to file an appeal as Petitioner had asked (Cr. Doc. 79). The motion was granted and Petitioner was permitted to file a belated appeal which was ultimately denied as untimely (Cr. Doc. 96, 108).

---

[2] The Fair Sentencing Act of 2010 amended the mandatory minimum sentencing for crack penalties by reducing the crack to powder cocaine ration from 100:1 to approximately 18:1. *See* Pub. L. No. 110-220, 124 Stat. 2372 (2010).

On January 9, 2006, Petitioner filed another 28 U.S.C. § 2255 motion, alleging, among other things, violations of his Fifth and Sixth Amendment rights in contravention of the rules announced in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (any fact other than a prior conviction that results in increased penalties must be proven to a jury beyond a reasonable doubt) and *United States v. Booker*, 125 S.Ct. 738, 746 (2005) (only facts admitted by a defendant or proved beyond a reasonable doubt to a jury may be used to calculate a sentence) (Cr. Doc. 127; 6:06-cv-26-Orl-18JGG). On September 8, 2006, the § 2255 motion was dismissed with prejudice because it was untimely filed (Cr. Doc. 129).

On June 19, 2008, the sentencing court *sua sponte* issued an order determining that Petitioner was not eligible for a reduction of sentence based on Amendment 706 to the United States Sentencing Guidelines, which amended the base offense levels applicable to crack cocaine (Cr. Doc. 138). The Eleventh Circuit Court of Appeals affirmed (Cr. Doc. 14).

The instant § 2241 petition was filed on September 7, 2010 (Doc. 1).

## II.  Discussion

Petitioner has styled this action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, which provides a means for a prisoner to challenge the execution of his sentence. Here, however, Petitioner challenges the validity of his sentence because he claims it was improperly enhanced. Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255(a); *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). Because Petitioner's second § 2255 motion was denied by "the court which imposed [his] sentence" (Cr. Doc. 127), Petitioner may not file another § 2255 motion without first receiving permission from the appropriate United States Court of Appeals, which Petitioner has failed to do. 28 U.S.C.

3

§ 2255(h); *Darby v. Hawk–Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005) ("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission ... before filing a successive § 2255 motion").

Because Petitioner is barred from filing another motion under § 2255, he filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. However, § 2255(e) expressly limits the circumstances under which a federal prisoner may file such a petition.

### *A. Application of the Savings Clause*

Petitioner argues that he is entitled to file a § 2241 petition because the savings clause provision of § 2255(e) applies to the instant case (Doc. 9 at 1-2). Under § 2255(e)'s savings clause, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. The clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, ***unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.***

28 U.S.C. § 2255(e) (emphasis added). In *Wofford v. Scott*, the Eleventh Circuit interpreted this provision to mean that the savings clause applies when: (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision establishes that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion. 177 F.3d 1236, 1244 (11th Cir. 1999). All three *Wofford* requirements must be met to utilize the savings clause to seek habeas relief. *See*

*Dean v. MacFadden*, 133 Fed. Appx. 640, 642 (11th Cir. 2005).[3]

Under these requirements, the only sentencing claims in the Eleventh Circuit "that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." *Wofford*, 177 F.3d at 1245; *see also Edwards v. Warden, FCC Coleman–Medium*, 432 Fed. Appx. 897, 899 (11th Cir. 2011) ("There is no precedent in this circuit for applying the savings clause to sentence claims."). In addition, the Eleventh Circuit has recently determined:

> [T]he savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence **not exceeding the statutory maximum**."

*Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) ((emphasis added) (vacating *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010))). For the reasons explained below, Petitioner has failed to satisfy the *Wofford* requirements. Moreover, because Petitioner was not sentenced to a term greater than the statutory maximum for the crimes of which he was convicted, this petition does not fall within the ambit of the § 2255(e) savings clause.

### 1. Petitioner Has Not Identified a Retroactively Applicable Supreme Court Decision Establishing That He Was Convicted of a Non-Existent Offense

Petitioner points to *United States v. O'Brien*, 130 S. Ct. 2169 (2010) as a retroactively applicable Supreme Court decision establishing that he was "convicted for a nonexistent offense" and that he is "actually innocent" of the enhanced drug provision of § 841(b)(1)(A)(iii) based on the *O'Brien* decision because his indictment did not list drug quantity and because the jury verdict was for an unspecified drug quantity charged under § 841(b)(1)(C) (Doc. 9 at

---

[3]This is an unpublished decision and is persuasive, but not binding, authority pursuant to Eleventh Circuit Rule 36–2. The Court notes this same rule applies to other Fed. Appx. cases cited herein.

2).

Even setting aside the question of *O'Brien's* retroactivity, the facts of *O'Brien* are not analogous to Petitioner's case. In *O'Brien*, the Supreme Court held that for purposes of mandatory minimum sentencing under 18 U.S.C. § 924(c)(1)(B)(ii), the use of a machine gun in a crime is an element to be proved to a jury beyond a reasonable doubt, not a sentencing factor to be proved to the judge at sentencing. *O'Brien*, 130 S.Ct. at 2180. Petitioner argues that based on *O'Brien*, the quantity of cocaine in his possession should have been a question for the jury. Presumably, Petitioner intends to analogize his case to *O'Brien* by suggesting that the drug quantity determination made during his sentencing is akin to the machine-gun determination that the *O'Brien* Court held to be an element of the offense rather than a sentencing factor (Doc. 8 at 2-4). This argument is flawed because the second prong of the Eleventh Circuit's savings clause test involves only the narrow inquiry of whether "a Supreme Court decision has changed the law of a circuit in such a way that a prisoner stands convicted for a nonexistent offense. . . ." *Wofford*, 177 F.3d at 1244. A Supreme Court decision such as *O'Brien* that does not even address the crime of which Petitioner was actually convicted cannot satisfy this inquiry. In addition, Petitioner has not shown that "he was imprisoned for conduct that was not prohibited," which is required to show an offense is non-existent. *Darby*, 405 F.3d at 945. The prohibited nature of the conduct for which Petitioner was convicted, possession with intent to distribute cocaine base and using and carrying a firearm during a drug trafficking crime, was in no way called into question in *O'Brien*. Accordingly, *O'Brien* is not a retroactively applicable Supreme Court decision that satisfies the first *Wofford* requirement.

Petitioner also argues, without discussion, that he is entitled to relief in light of *Carachuri-Rosendo v. Holder*, which held that second or subsequent simple possession

offenses are not aggravated felonies under § 1101(a)(43) when the state conviction is not based on the fact of a prior conviction. 130 S. Ct. 2577, 2580 (2010). (Doc. 1 at 6). *Carachuri-Rosendo*, however, concerned a removal proceeding under the Immigration and Nationality Act ("INA") and whether the petitioner's second state conviction for misdemeanor drug possession qualified as an "aggravated felony," for purposes of determining the petitioner's rights under the INA. Defendant's prior felony drug convictions, by contrast, are governed by the provisions set forth in 21 U.S.C § 802(44) (defining the term "felony drug offense"). *See United States v. Padgett*, No. 5:06–cr–00013–RS–GRJ, 2011 WL 845075, at *7 (N.D.Fla. Feb.1, 2011) ("Even drug offenses that are classified as misdemeanors under state law may qualify as 'felony drug offenses' for purposes of enhanced § 841(b) penalties if the offense is punishable by more than one year." (citing *Burgess v. United States*, 553 U.S. 124, 129–30 (2008))). In other words, *Carachuri–Rosendo* is inapposite to defendant's case and offers no basis for relief. Accordingly, *Carachuri-Rosendo* is not a retroactively applicable Supreme Court decision that satisfies the first *Wofford* requirement.

### 2. *Petitioner Was Not Sentenced Above the Statutory Maximum*

Petitioner was convicted of violating 21 U.S.C. § 841(a)(1) (Cr. Doc. at 57), and the statutory sentence he faced as a prior drug offender for his conviction for an unspecified quantity of drugs was at least ten years but no more than thirty years. 21 U.S.C. § 841(b)(1)(C).[4] Petitioner's sentence of 360 months for count two, subsequently reduced to 280 months, did not exceed the statutory maximum. Petitioner's prior felony drug

---

[4]The recidivist portion of § 841(b)(1)(C) reads: "... If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years...." 21 U.S.C. § 841(b)(1)(C).

offenses support Petitioner's sentence on this count. *See United States v. Smith*, 240 F.3d 927, 930 (11th Cir. 2001) (where the defendant is a recidivist drug offender, the maximum sentence, absent drug quantity, under § 841(b)(1)(C) is thirty years); *see also U.S. Sentencing Guidelines Manual* ("U.S.S.G.") § 4B1.1 (defining "offense statutory maximum" as "the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, *including any increase in the maximum term under a sentencing enhancement provision that applies because of the Defendant's prior criminal record*") (emphasis added); U.S.S.G. § 4b1.1, comment n. 2 (the statutory maximum for a defendant under 21 U.S.C. § 841(b)(1)(C) is increased from twenty to thirty years if the defendant has a qualifying prior drug conviction). Because Petitioner's sentence fell within the statutory range for an unspecified drug quantity under 21 U.S.C. § 841(b)(1)(C), this claim is not within the ambit of the § 2255(e) savings clause. *See Gilbert*, 640 F.3d at 1323.[5]

Petitioner argues that because he did not serve more than one year in prison for any

---

[5] Contrary to Petitioner's apparent understanding, he was not sentenced under 21 U.S.C. § 841(b)(1)(A)(iii) which provides a term of imprisonment of ten years to life for a conviction under § 841(a)(1) involving "50 grams or more of a mixture or substance" containing cocaine base. Rather, Petitioner was sentenced as a career offender as defined at U.S.S.G. § 4B1.1. Under the career offender guidelines, Petitioner was subject to a sentence of 360 months to life (Cr. Doc. 97 at 7-8). Although Petitioner does not specifically argue in this petition that the drug quantity in his Presentence Investigation Report ("PSI") used to support his § 4B1.1 enhancement was unconstitutional, it is worth noting that in a § 841 case in which a defendant's ultimate sentence falls at or below the statutory maximum penalty provided in § 841(b)(1)(C) (as Petitioner's does), there is no constitutional error stemming from *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and drug quantity need not have been submitted to a jury and proven beyond a reasonable doubt. *See United States v. Underwood*, 446 F.3d 1340, 1344-45 (11th Cir. 2006); *see also United States v. Major*, 341 Fed. Appx. 549, 552 (11th Cir. 2009). A sentence enhancement based on a drug quantity described in a PSI does not violate the Constitution when the defendant concedes to the factual accuracy of the PSI. *United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005). Failure to object to factual findings in the PSI is deemed to be an admission of those facts. *See United States v. Williams*, 438 F.3d 1272, 1274 (11th Cir. 2006). Accordingly, Petitioner is deemed to have admitted responsibility for the 113.3 grams of cocaine base alleged in his PSI (PSI at ¶ 21) because he failed to object to this finding *See Transcript of Sentencing Proceedings* (Cr. Doc. 97 at 4-5) (objecting only to an alleged duplicate scoring of two prior felony drug offenses).

of the prior drug offenses enumerated in his PSI, the convictions were not qualifying felony drug offenses so as to implicate § 851's higher statutory maximum sentence for recidivist offenders (Doc. 1 at 4). A "felony drug offense" is an offense punishable by more than one year in prison that prohibits or restricts conduct relating to illegal drugs. *See* 21 U.S.C. § 802(44). The Government filed notice that it intended to seek the enhanced maximum penalty against Petitioner pursuant to 21 U.S.C. § 851 based on four prior felony drug offenses: (1) a 1994 Florida conviction for Delivery of Cocaine and Possession of Cocaine with Intent to Sell Within 1,000 Feet of a School (CR93-208); (2) a 1994 Florida Conviction for Delivery of Cocaine Within 1,000 Feet of a School (CR93-6431); (3) a 1994 conviction for Possession of Cocaine (CR94-5933); and (4) a 1994 conviction for Possession of Cocaine with Intent to Sell (CR94-9332) ((Cr. Doc. 11); (PSI at ¶ 37, 38, 39, 40)).

In case CR93-6431, Petitioner pleaded *nolo contendere* to delivery of cocaine within 1,000 feet of a school.[6] In case CR93-208, Petitioner pleaded *nolo contendere* to possession of cocaine with intent to sell within 1,000 feet of a school (PSI ¶¶ 37, 38). Florida law prohibits any person to "sell, manufacture, or deliver, or possess with intent to sell, manufacture or deliver, a controlled substance in, on, or within 1000 feet of the real property comprising ... a public or private elementary, middle, or secondary school ...." Fla. Stat. § 893.13(1)(c). A person who violates § 893.13(1)(c) with respect to a controlled substance, including cocaine, commits a first-degree felony punishable by up to thirty years imprisonment. Fla. Stat. §§ 893.13(1)(c)(1), 893.03(2)(a)( 4), 775.082(3)(b). Petitioner's argument that these prior offenses are not felony drug offenses simply because he did not

---

[6]The Eleventh Circuit has held that a "prior plea of nolo contendere with adjudication withheld in Florida state court is a 'conviction' that supports an enhanced sentence" under 21 U.S.C. § 851. *United States v. Smith*, 96 F.3d 1350 (11th Cir. 1996), *citing United States v. Mejias*, 47 F.3d 401, 404 (11th Cir. 1995).

9

serve an entire year in prison after conviction has no merit.  Because Petitioner was *eligible* for thirty years imprisonment on these underlying felony drug offenses, either conviction supports Petitioner's § 851 enhancement.[7]   Because he was not sentenced above the statutory maximum for a recidivist drug offender, Petitioner is not authorized to raise this claim in a § 2241 petition. *See Gilbert*, 640 F.3d at 1323.

### 3. *A Motion Pursuant to 28 U.S.C. § 2255 Was Adequate to Address Petitioner's Sentencing Claims*

Even assuming, *arguendo*, that his prior convictions were insufficient to support the enhanced maximum penalty under 21 U.S.C. § 841(b)(1)(C), Petitioner does not explain how he was foreclosed from raising a claim regarding the applicability of his prior felonies at his trial, on appeal, or in his first § 2255 motion.  Petitioner's argument that the sentencing court miscalculated his criminal history points (Doc. 1 at 5) is procedurally barred for the same reason.  Because Petitioner does not explain how circuit law "squarely foreclosed" him from raising these claims at sentencing, on appeal, or in his first § 2255 motion, Petitioner's sentencing claims fail to meet the third *Wofford* requirement necessary to utilize § 2255's savings clause to seek habeas relief under § 2241.

## B. *Fair Sentencing Act of 2010*

The Fair Sentencing Act of 2010 ("FSA") does not apply to Petitioner because he was sentenced before the August 3, 2010 effective date of the FSA, and the FSA is not retroactive. *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010).  Petitioner is not entitled to relief under the FSA.

---

[7] The same analysis applies to Petitioner's offenses for possession of cocaine with intent to sell which carries a maximum penalty of fifteen years in prison and possession of cocaine which carries a maximum penalty of five years in prison. Fla. Stat. §§ 893.13(1)(a); 893.13(6)(a); 775.082.

## III. Conclusion

In sum, Petitioner cannot satisfy the three-pronged test set forth in *Wofford*, and the savings clause of § 2255(e) does not apply to his claims. Therefore, Petitioner's collateral attack on his federal conviction must be treated as a § 2255 petition. Because, Petitioner has previously filed a § 2255 petition and has not received permission from the Eleventh Circuit to file another, the instant action is a successive petition, and this Court is without jurisdiction to consider it. Consequently, the instant petition must be dismissed.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The 28 U.S.C. § 2241 (Doc. 1) petition filed by Henry Lee White is **DISMISSED** as an improper filing under § 2241.

2. The Clerk is directed to enter judgement against White, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Ocala, Florida, this 24th day of May, 2012.

UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-4 5/24
Henry Lee White